O

# United States District Court
# Central District of California

| | |
|---|---|
| CYNTHIA CASTANEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE,<br>CAL-WESTERN CORPORANTION<br>WELLS FARGO BANK, N.A., and DOES<br>1 to 100, inclusive,<br><br>    Defendants. | Case № 2:15-cv-08870-ODW-KS<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD [22]** |

## I.   INTRODUCTION

Before the Court is the Law Offices of Joseph R. Manning, Jr.'s ("Manning") Motion to Withdraw as attorney of record for the case at bar. (Mot., ECF No. 22.) For the reasons set forth below, the Court **GRANTS** the Motion to Withdraw.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On March 30, 2016, Manning filed a Motion to Withdraw as counsel of record for Plaintiff Cynthia Castaneda based on a total breakdown in the attorney-client relationship. (Mot. 3.) On October 15, 2015, Castaneda filed her complaint in Los Angeles County Superior Court alleging several violations by Defendant Wells Fargo Home Mortgage in connection with her loan modification. (ECF No. 1.) On November 13, 2015, Defendant removed the case to this Court. (ECF No. 1.) On November 20, 2015, Defendant filed a Motion to Dismiss and a Request for Judicial Notice. (ECF Nos. 9, 10.) On December 4, 2015, Manning filed an Opposition and Objection to the Request for Judicial Notice on behalf of Castaneda. (ECF Nos. 11, 12.) The Court granted the Motion to Dismiss with Leave to Amend, and Manning filed a First Amended Complaint. (ECF Nos. 17, 18.) Defendant filed a second Motion to Dismiss on March 24, 2016. (ECF No. 20.)

For a period of approximately two months, Manning states that the attorney-client relationship has deteriorated so much so that communication has come to a complete stop. (Mot. 3.) Manning's numerous attempts to contact Castaneda via telephone and electronic mail have been unsuccessful. (Joseph Manning Decl. ¶¶ 8–9.) Furthermore, Manning states that Castaneda has failed to pay her attorney's fees for services rendered for the last eight months. (*Id.* ¶ 10.)

On October 8, 2015 Manning requested payment for legal services already provided in accordance with the retainer arrangement. *(Id.* ¶ 11.) Manning followed up numerous times, but Castaneda never responded to the requests. (*Id.* ¶¶ 12–14.) On January 29, 2016, and many times since, Manning informed Castaneda that he would move to withdraw as counsel if Castaneda did not contact him regarding payment. (*Id.* ¶¶ 14–16.) To date, Castaneda has not responded to the requests. (*Id.* ¶ 14.) Accordingly, Manning requests leave of this Court to withdraw as counsel per Local Rule 83-2.3.2.

On April 13, 2016, Castaneda filed a Declaration of Dismissal on her own behalf. The Motion to Withdraw is unopposed and is now before the Court for consideration.

### III.  LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance,* 810 F. Supp. 275, 276 (C.D. Cal.1992). The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See, e.g., Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863 at *1 (C.D.Cal., June 28, 2009). In ruling on a motion to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the degree to which withdrawal will delay the resolution of the case; (3) the prejudice withdrawal may cause to other litigants; and (4) the harm withdrawal might cause to the administration of justice. *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594WQH, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

### IV.  DISCUSSION

The Court finds good cause for withdrawal. Each factor for withdrawal is met.

First, it is clear that there is a breakdown in the attorney-client relationship, and communication has come to a stop. *(Id.* ¶ 7.) The inability to represent a client is a compelling reason to withdraw as counsel. *See Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2–4 (N.D. Cal. Sept. 15, 2010) (finding withdrawal warranted where the client has made it unreasonably difficult to carry out course of representation effectively).

Allowing Manning to withdraw will not unduly delay the resolution of this action, will not prejudice other litigants, and will not cause harm to the administration of justice because Castaneda filed a Declaration of Dismissal on her own accord notifying the Court of her intent to dismiss the case. The Court issued a Notice of

Document Discrepancies and cannot presently dismiss the case because the Motion to Withdraw is pending.

As such, and for good cause shown, the Court **GRANTS** the Motion to Withdraw.

**IT IS SO ORDERED.**

April 13, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**